UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CASSANDRA H.,

                Plaintiff,                            **DECISION AND ORDER**

     v.

                                              6:20-CV-6776-EAW

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

## INTRODUCTION

Represented by counsel, Plaintiff Cassandra H. ("Plaintiff") brought this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for social security income benefits ("SSI"). (Dkt. 1). On November 17, 2022, the Court remanded the matter for further proceedings. (Dkt. 19).

Presently before the Court is Plaintiff's motion for attorney's fees in the amount of $7,264.46 that she is seeking pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Dkt. 21). The Commissioner opposes the motion. (Dkt. 22). For the reasons that follow, the Court grants Plaintiff's motion in part.

## BACKGROUND

Plaintiff protectively filed her application for SSI on June 12, 2017, alleging disability beginning on June 28, 2016. (Dkt. 11 at 107, 178-83). Plaintiff's application was initially denied on November 16, 2017. (*Id*. at 96-06). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") John P. Ramos on July 30, 2019. (*Id*. at

38-58).  On August 30, 2019, the ALJ issued an unfavorable decision.  (*Id*. at 19-32).

Plaintiff then requested review by the Appeals Council, which the Council denied on

August 4, 2020, making the ALJ's determination the final decision of the Commissioner.

(*Id*. at 5-9).  This action followed.  (Dkt. 1).

On September 6, 2021, Plaintiff filed a motion for judgment on the pleadings (Dkt.

13), which the Commissioner opposed by filing a cross-motion for judgment on the

pleadings on January 31, 2022 (Dkt. 15).  On November 17, 2022, the Court issued a

Decision and Order remanding the matter for further proceedings.  (Dkt. 19).

Plaintiff filed the instant motion for attorney's fees on February 15, 2023.  (Dkt.

21).  The Commissioner filed a response objecting to the relief sought and arguing that

Plaintiff is not entitled to attorney's fees under the EAJA because the Commissioner's

position in the instant action was substantially justified.  (Dkt. 22).

**DISCUSSION**

I.    **Legal Standard**

As the Second Circuit has explained:

The [EAJA] provides that "a court shall award to a prevailing party . . . fees
and other expenses . . . incurred by that party in any civil action (other than
cases sounding in tort), including proceedings for judicial review of agency
action, brought by or against the United States . . . unless the court finds that
the position of the United States was substantially justified or that special
circumstances make an award unjust."

*Vincent v. Comm'r of Soc. Sec*., 651 F.3d 299, 302-03 (2d Cir. 2011) (quoting 28 U.S.C.

2412(d)(1)(A)).  "Thus, under the EAJA, eligibility for a fee award in any civil action

requires: (1) that the claimant be a prevailing party; (2) that the Government's position was

not substantially justified; [and] (3) that no special circumstances make an award unjust."
*Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011) (citation and quotations
omitted).

## II.     Plaintiff is Entitled to a Fee Award

The Commissioner does not dispute that Plaintiff is the prevailing party in this
action, nor does the Commissioner contend that special circumstances would make an
award of attorney's fees unjust.  (Dkt. 22).  Rather, the Commissioner argues that Plaintiff
is not entitled to attorney's fees because the Commissioner's position in opposing
Plaintiff's claim was substantially justified.  (*Id.* at 5-14).  Specifically, the Commissioner
argues that the ALJ had a reasonable basis in law and fact to arrive at the opinion that
Plaintiff's moderate limitations identified by Dr. Isihos were consistent with sedentary
work, and to make his RFC finding implicitly as long as the reviewing court was able to
fathom the ALJ's reasoning.  (*Id*. at 7-10).  The Court disagrees for the following reasons.

As a general matter, the Court can award attorney's fees under the EAJA only if the
government's position was not substantially justified.  The government "bears the burden
of showing that [its] position was 'substantially justified,' which the Supreme Court has
construed to mean 'justified to a degree that could satisfy a reasonable person.'" *Ericksson
v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487
U.S. 552, 565 (1988)); *see also Cohen v. Bowen*, 837 F.2d 582, 586 (2d Cir. 1988) ("This
circuit has repeatedly interpreted the 'substantially justified" standard to be essentially a
standard of reasonableness.").  In other words, a position is substantially justified "if a
reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."

*Pierce*, 487 U.S. at 565 n.2.   "When assessing the 'position of the United States,' [the Court] reviews both 'the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based.'"  *Ericksson*, 557 F.3d at 82 (quoting 28 U.S.C. § 2412(d)(2)(D)).  The Second Circuit has expressly instructed that, in assessing the reasonableness of the government's position, "a court should not perform separate evaluations of the Government's position at each stage of the proceedings."  *United States v. $19,047.00 in U.S. Currency*, 95 F.3d 248, 251 (2d Cir. 1996).  Instead, "only one threshold determination for the entire civil action is to be made." *Id*. (citation omitted); *see also Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 159 (1990) ("Subsection (d)(1)(A) refers to an award of fees 'in any civil action' without any reference to separate parts of the litigation, such as discovery requests, fees, or appeals.   The reference to 'the position of the United States' in the singular also suggests that the court need make only one finding about the justification of that position.").  A district court's determination of whether the government's position was substantially justified is reviewable "only for an abuse of discretion."  *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999) (citation omitted).

In support of her argument on appeal, Plaintiff relied on the ALJ's evaluation of the opinion of consultative examiner Dr. Isihos, who found Plaintiff to have moderate restrictions for prolonged sitting, standing, walking, climbing, heavy lifting, squatting, and kneeling. (Dkt. 13-1 at 10-14).  Having evaluated Dr. Isihos's opinion, the ALJ found it to have some persuasive value because the examiner's findings of Plaintiff's moderate restrictions for prolonged sitting, standing, walking, and heavy lifting were supported by

the record and consistent with Plaintiff's ability to work at the sedentary level.  (Dkt. 11 at

30).  Following its review, this Court agreed with the ALJ's evaluation of Dr. Isihos's

opinion that the record did, in fact, support the examiner's findings of Plaintiff's moderate

limitations, but found the ALJ's reliance on the consultative opinion insufficient to justify

his ultimate RFC conclusion that Plaintiff was capable of sedentary work because the

ALJ's analysis did not take into account ample evidence suggesting that Plaintiff was

incapable of prolonged sitting as well as prolonged standing and walking that are required

for sedentary work.  (Dkt. 19 at 6-11).  The Court also found the ALJ's analysis erroneous

because he failed to address Plaintiff's need to alternate positions to alleviate pain and to

evaluate to what degree such need could erode the occupational base for unskilled

sedentary work.  (*Id*. at 11-13).

The Commissioner argues that the ALJ's position in analyzing Dr. Isihos's opinion

was justified not only because the ALJ relied on the well-recognized principle that

moderate limitations are not necessarily work-preclusive, which the Court agreed with, but

also because the ALJ's errors amounted to the issues of "insufficient articulation," and, as

such, the ALJ's "insufficiently nuanced" interpretation of Dr. Isihos's opinion fell within

the "soft, hazy boundaries of the substantial evidence inquiry" and did not render the ALJ's

analysis unreasonable for purposes of the attorney's fee analysis.  (Dkt. 22 at 8-12).

The Court disagrees with the Commissioner's oversimplistic explanation of the

Court's decision to remand the matter for further proceedings because it does not take into

account all of the reasons why this Court found the ALJ's analysis erroneous.  While the

Court did not disagree with the ALJ's analysis of Dr. Isihos's findings that were consistent

with the record, and while it recognized that moderate limitations are not inherently inconsistent with the finding of sedentary work, these facts alone are insufficient to establish that the Commissioner's position was substantially justified. *See Travis L. v. Saul*, No. 3:19-CV-663 (CFH), 2021 WL 2580101, at *4 (N.D.N.Y. June 23, 2021) (the "overarching points of settled law does not require a conclusion that the Commissioner's position was substantially justified" even when the court agreed with the ALJ's analysis of a medical opinion and noted that the ALJ was not required to accept the entirety of a medical opinion); *Ortiz v. Chater*, No. 95 CV 3126 ERK, 1997 WL 50217, at *3 (E.D.N.Y. Jan. 30, 1997) ("[T]he fact that there is some evidence in the record that supports an ALJ's decision will not necessarily lead to a finding that the Commissioner's position was substantially justified.").

Although the Court recognizes that in certain circumstances an ALJ's failure to adequately explain his or her findings "does not establish that the denial of benefits lacked substantial justification or that the Commissioner's defense of that position was unreasonable," *Robert C. v. Comm'r of Soc. Sec.*, No. 5:19-CV-00693, 2022 WL 2980783, at *5 (N.D.N.Y. July 27, 2022) (citations omitted), such error does not always lead to the justification of the Commissioner's position where, as here, it "takes something more egregious than just a run-of-the-mill error in articulation to make the [C]ommissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant

body of evidence, or the [C]ommissioner's defending the ALJ's opinion on a forbidden

basis." *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011).[1]

Here, the ALJ's error was more complex than just a single failure to define

Plaintiff's moderate limitations more broadly as the Commissioner suggests.  Although

noting the condition in his decision, the ALJ mischaracterized the substantial evidence

demonstrating Plaintiff's wide-spread muscle pain and debilitating symptoms stemming

from fibromyalgia that prevented her from sitting for six hours, and from standing and

walking for two hours, and, instead, unilaterally concluded that Plaintiff was capable of

sedentary work without considering the impact of such evidence on her ability to actually

perform the requirements of sedentary work.  *See Kania v. Shalala*, No. 91-CV-0766E(H),

1995 WL 307604, at *2 (W.D.N.Y. May 10, 1995) (Commissioner's position was not

substantially justified because the ALJ's position lacked a reasonable basis in fact when

the ALJ ignored evidence of plaintiff's degenerative joint disease, and severe spinal and

abdominal conditions, and failed to demonstrate that plaintiff was capable of light work

when the record was devoid of any evidence that he could perform light work); *see also*

*Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1991) (Commissioner's position was not

---

[1]     Notably, the ALJ's misapplication of the definition of "moderate" also does not always render the Commissioner's position not "substantially justified" even where, as here, the ALJ erroneously relies on medical opinions that only vaguely describe an individual's abilities to find the individual capable of sedentary work.  *See Criscitello v. Kijakazi*, No. 21-1222-cv, 2022 WL 1510707, at *3 (2d Cir. May 13, 2022) ("in light of the record as a whole, th[e] single legal error of [misapplication of the definition of 'moderate'] was not 'sufficiently unreasonable by itself to render the entire Government position not 'substantially justified'") (citations omitted).

substantially justified when the ALJ, among other things, discredited plaintiff's subjective complaints and made a conclusory finding that plaintiff could perform light work without discussing why he reached that conclusion).

It was unreasonable for the ALJ here not to engage in a detailed analysis of the record that overwhelmingly suggested that Plaintiff was severely limited in her ability to sit for prolonged periods of time in light of the plain meaning of the regulations that define sedentary work as one that requires an individual to remain in a seated position for most of the day with occasional walking and standing that is often necessary to carry out job duties. *See* 20 C.F.R. § 416.967(a); *see also Titles II & XVI: Determining Capability to Do Other Work-Implications of A RFC for Less Than A Full Range of Sedentary Work*, Soc. Sec. Ruling ("SSR") 96-9p, 1996 WL 374185, at *6 (S.S.A. July 2, 1996) ("If an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded."). Therefore, the ALJ's error amounted to a more significant failure to analyze the entire record than just an error in articulating Dr. Isihos's opinion, which, in turn, prevented the Court from discerning the ALJ's reasoning behind his RFC finding and ultimately frustrated the Court's meaningful review of Plaintiff's claim. *See Padula v. Colvin*, 602 F. App'x 25, 26 (2d Cir. 2015) (Commissioner's position was not substantially justified where the ALJ did not comply with his obligation to consider all the relevant medical and other evidence when he made credibility determination); *Olczak v. Saul*, No. 18-CV-173-MPJ, 2020 WL 1610569, at *2 (W.D.N.Y. Apr. 2, 2020) (Commissioner's position was not substantially justified when the ALJ's analysis of a

medical opinion was insufficient because it provided no explanation or analysis that would allow meaningful review).

The Commissioner ignores another equally important reason why this Court remanded the matter—the ALJ failed to consider the impact of Plaintiff's need to alternate between standing, sitting, and walking, as well as Plaintiff's moderate limitations in prolonged standing and walking, which, if coupled with a sitting limitation, could erode the occupational base for a full range of sedentary work. (Dkt. 19 at 11-13). Although the ALJ noted Dr. Isihos's findings of Plaintiff's moderate limitations in standing and walking, and briefly mentioned Plaintiff alternating her positions when he discussed her subjective complaints, the ALJ, nevertheless, did not address whether Plaintiff was able to stand and walk for two hours, or assess specific frequency of Plaintiff alternating her positions beyond the customary breaks as prescribed by SSR 96-9p. *See* SSR 96-9p, 1996 WL 374185, at \*7 ("The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing" when the "individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking)."); *see also Rugless v. Comm'r of Soc. Sec.*, No. 6:11-CV-6624 MAT, 2014 WL 2648772, at \*4 (W.D.N.Y. June 13, 2014) ("Courts have held that an award of fees and costs is appropriate under the EAJA where an ALJ's decision violates 'clear and long judicial precedent' and fails to comply with the specific requirements of a Social Security Ruling.") (internal citations omitted). Accordingly, the Commissioner has failed to establish that her position in opposing Plaintiff's claims was substantially justified. *See Brunel v. Comm'r, Soc. Sec. Admin.*, 248 F.3d 1126 (1st Cir. 2000) (the Commissioner's position was not substantially

justified when the ALJ failed to explain why he disregarded the evidence discussing the need for plaintiff to elevate her legs and take breaks, which, without proper explanation, eroded plaintiff's ability to perform the full range of sedentary work); *Fraction v. Bowen*, 859 F.2d 574, 575 (8th Cir. 1988) (although there was conflicting evidence in the record, ALJ's "failure, contrary to clearly established circuit precedent, to evaluate all of the evidence concerning the claimant's subjective complaints of non-exertional impairments and to fully develop the record" did not support the government's view that its position was substantially justified).

While the Court notes that the ALJ's proper analysis of the record on remand may ultimately lead to the same denial of benefits, in light of the above, it finds that a reasonable person could not have regarded the ALJ's analysis as adequate to justify the Commissioner's position. Accordingly, the Court finds that the Commissioner's position was not substantially justified. *See Padula*, 602 F. App'x at 28 ("The possibility that benefits might properly be denied on a different basis on remand does not, however, mean that the Commissioner was substantially justified in arguing that the ALJ's initial decision, made without adequate record development, was supported by substantial evidence.").

### III.    Reasonableness of the Fee Request

EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). "When determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the

administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Lofton v. Saul*, No. 19-CV-00454 (KAD), 2020 WL 858649, at *1 (D. Conn. Feb. 21, 2020). "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute." *Id*. (internal brackets omitted). "Determining counsel's hourly rate under the EAJA involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ("CPI"), to the statutory ceiling of $125.00 per hour set by the EAJA on March 29, 1996." *Montes v. Comm'r of Soc. Sec*., No. 17-CV-322, 2019 WL 2264967, at *3 (W.D.N.Y. May 28, 2019) (internal quotation marks and brackets omitted). "The hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed." *Id*. (internal brackets omitted).

Plaintiff's counsel submits that his firm expended 33.0 hours of attorney time on the litigation in 2020, 2021, 2022. (Dkt. 21-1 at 5). Counsel requests $7,264.46 in fees calculated at the respective CPI-adjusted rates for each year of legal services performed, and the Commissioner does not address the rate or dispute the reasonableness of the amount of the fee requested. (*Id*.; Dkt. 21-2; Dkt. 21-3).

The Court finds that the number of hours spent by counsel is within the reasonable range of hours dedicated to a routine social security case, but notes several issues with counsel's calculations of the requested legal fees. First, it appears that although Plaintiff's counsel performed one hour of work associated with the instant application in 2023 (Dkt. 21-2 at 1, 3), his entire fee calculation is missing the CPI-adjusted hourly rate for that year,

and, instead, the one hour of legal work in 2023 was simply added to counsel's hours for

2022. (Dkt. 21-2 at 5; Dkt. 21-2 at 3). This was improper considering that the CPI-adjusted

hourly rate in 2022 was different from the hourly rate of 2023.[2]  *See Caplash*, 294 F. Supp.

3d at 136 ("The court must apply a different cost of living adjustment for each year in

which hours were billed, rather than applying a single adjustment to the total hours billed."

(quotation omitted)).    Second, despite submitting his application in February 2023,

Plaintiff's counsel does not include the correct hourly rate for 2022 in his application and

refers to the hourly rate calculated as of July 2022—the date when the declaration of

attorney Anthony Rooney, Esq., was originally drafted.  (Dkt. 21-1 at 4; Dkt. 21-3 at 2).

The correct CPI-adjusted hourly rate for the entire year 2022 is $234.95.[3]  Considering that

Plaintiff's counsel spent 5.5 hours on representing Plaintiff's interests in 2022, counsel's

attorney's fees for that period would amount to $1,292.23.  The Court's calculation of the

---

[2]      Using the CPI data published by the United States Department of Labor at
https://www.bls.gov/bls/news-release/cpi.htm#current (last viewed on Apr. 17, 2023), the
CPI-adjusted hourly rate for the first two months of 2023 was $241.34, which is calculated
by applying the average CPI of 300.615 to the following formulas:

   $125.0 (hourly rate in statute) = $X
   155.7 (CPI as of March 1996) = 300.615 (average CPI for January, February, and
   March of 2023).

*See Caplash v. Nielsen*, 294 F. Supp. 3d 123, 136 (W.D.N.Y. 2018) (the cost-of-living
adjustment is calculated "by multiplying the $125 statutory rate by the annual average
consumer price index figure for all urban consumers ('CPI–U') for the years in which
counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the
effective date of EAJA's $125 statutory rate." (citation omitted)).

[3]      Calculated by averaging the individual CPIs for each month of 2022 and applying
the annual average CPI (292.655) to the above formulas.

CPI-adjusted hourly rate for 2020 also differs from the rate arrived at by counsel.[4]

Accordingly, considering the hours spent by Plaintiff's legal counsel on representation of

Plaintiff's interests from 2020 through 2023, and based on the revised hourly rates for each

year of counsel's representation, Plaintiff's counsel is entitled to attorney's fees in the

amount of $7,252.51.[5]

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorney's fees (Dkt. 21) is granted

in part and denied in part. The Commissioner shall pay $7,252.51 to Plaintiff's counsel

subject to offset under the Treasury Offset Program, if any.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:       April 18, 2023
             Rochester, New York

---

[4]    The Court calculates it to be $207.78 by averaging the individual CPIs for each month of 2020 and applying the annual average CPI (258.811) to the above formulas. Multiplying this hourly rate by the 4.7 hours expended by Plaintiff's counsel in 2020 results in a fee of $976.57.

[5]    The total fee amount is calculated as follows:
2020: 4.7 hours x $207.78 = $976.57
2021: 21.8 hours x $217.54 = $4,742.37
2022: 5.5 hours x $234.95 = $1,292.23
2023: 1 hour x $241.34 = $241.34